Frederick H. Winston et al.

v.

The Dorsett Pipe and Paving Company.

*Corporations—Stock Liability as between Stockholders—Agreement— Validity of Subscription " in Trust."*

1. An agreement operating between the stockholders of a corporation only, for an apportionment of their several stock liabilities, is neither contrary to law nor public policy.

2. Upon a bill filed by a stockholder to wind up a corporation, and to have an assessment made upon the unpaid stock for the payment of debts, it is *held:* That, as between the stockholders, the estate of one of the subscribers to the capital stock of the corporation is not liable on certain shares subscribed for "in trust," and that the court properly reserved the right to make further assessments if necessary.

[Opinion filed December 18, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding.

This is a bill in equity filed by Frederick H. Winston, under Sec. 25, Chap. 32, R. S., to wind up the Dorsett Pipe and Paving Company, a corporation for pecuniary profit, organized in 1881, in pursuance of said chapter 32. The bill alleges that the capital stock was $125,000, and the original subscriptions were as follows:

| | | |
|---|---|---|
| D. H. Dorsett, | 250 shares, | $25,000 |
| J. S. Waterman, | 100 " | 10,000 |
| Joseph Stockton, | 100 " | 10,000 |
| M. S. Chase, | 100 " | 10,000 |
| J. P. Ellacott, | 10 " | 1,000 |
| F. S. Winston, Jr., | 3 " | 300 |
| J. S. Waterman, trustee, | 637 " | 63,700 |
| F. H. Winston, | 50 " | 5,000 |
| | 1,250 | $125,000 |

That the company became hopelessly insolvent in August, 1882, and so remains; that it is indebted in about the sum of $10,000 to various parties; that judgments have been entered against it, and executions issued thereon, demand made upon the proper officers of the company for payment thereof, payment refused and said executions returned unpaid; that there is money enough due on the stock subscriptions to pay the debts; that the affairs of the company have been mismanaged by its officers, directors and agents; that Waterman is dead,

and Alden and Robinson are his executors and are made defendants; prays for a receiver, and that upon the exhaustion of the assets of the company an assessment may be made upon the unpaid stock for the payment of whatever debts remain against the company.

The answer of the executors of Waterman sets up as a defense that the alleged subscription by said Waterman of 637 shares was made by him as trustee for the corporation and the other subscribers to the capital stock, and at the request of all the other stockholders, including said complainant, under an agreement and understanding with them that he should not be liable upon said stock, and that his subscription therefor, as trustee, was only formal, to enable the corporation to organize, and that said stock was to be subscribed for and issued to other parties, and that subsequently over 400 shares of the stock set down to said Waterman as trustee was issued as original stock by said company to other parties, without the intervention, control or action of said Waterman; that it never was at any time claimed by any of the stockholders of said company, while said company was solvent, that said Waterman was liable upon said subscription of 637 shares of stock, or that he had any interest therein or control over the same; that he had never paid any assessments upon said stock, but the assessments upon the same, in so far as they were paid, were paid by other parties to whom the stock was issued by said company, without any transfer or assignment by said Waterman, either individually or as trustee; that said Waterman in his lifetime advanced and paid large sums of money to said company; denies that Waterman is liable to the creditors or stockholders of said company in any sum or amount whatever.

On the hearing, the Circuit Court decreed (among other things) that the estate of Waterman was not, so far as the other stockholders are concerned, liable on the subscription of said Waterman, as trustee for the six hundred and thirty-seven shares, but directed an assessment of $.3943 on each dollar of stock of the other one hundred shares held by Waterman's estate, the seventy shares held by Stockton, fifty

held by Winston and one hundred by Chase, and by the decree the court reserved the right to make a further order for an assessment or assessments, if the same shall be needed, to pay in full the debts and liabilities thereinbefore allowed, together with the costs of the proceeding and receiver's charge to be thereafter allowed; and the court also reserved the right to inquire into and further adjust the equities of the stockholders among themselves, if need be, and to make such other and further orders and decree as shall be equitable and proper for the final disposition of the suit. From that decree Winston, Stockton and Chase appeal.

Messrs. G. W. & J. T. Kretzinger, for Frederick H. Winston, appellant, and Messrs. Page & Booth, for Joseph Stockton and Marvin S. Chase, appellant.

The trust sought to be established by the defendant executors is an express trust. The terms and conditions of such trust rest wholly in parol. The evidence is too uncertain and indefinite to enable a court in chancery to find the subject of the trust, or the interest of the *cestui que trust* without which no trust can be found or enforced.

No declaration of trust was ever made by Waterman. No *cestui que trust* was ever named. Clark v. Quackenboss, 27 Ill. 260; Langtry v. Langtry, 51 Ill. 458; Wheeler v. Smith, 9 How. 79; Story's Eq. Jur., Sec. 979a.

A stockholder can not sustain the relation of trustee to the company, either as the subscriber (as found in the decree) or purchaser of its stock. In a legal sense the corporation and the stockholders are identical; the former is the legal aggregation of the latter. A corporation can not thus deal in its own stock, and any attempt so to do is wholly void in law and equity. Verplanck v. Mercantile Ins. Co., 37 Cal. 30; Green's Brice's Ultra Vires, 98; Mechanics Bank v. N. & N. H. R. R. Co., 13 N. Y. 627.

"Conditional subscriptions are not contemplated; they would be a fraud upon the commonwealth." P. & S. R. R. Co. v. Biggar, 34 Pa. St. 457; Bavington v. P. & S. R. R. Co., 34 Pa. St. 358; Baile v. C. C. Educational Society, 47 Ind. 117.

By this subscription Waterman created a liability against himself and in favor of the corporation and all parties in interest which could not be enforced in law or in equity by the corporation or creditors against his unknown *cestuis que trust.* All calls and assessments upon this subscription must have been made against Waterman personally, the legal title being in him.   Crease v. Babcock, 10 Metc. 545; Hale v. Walker, 31 Iowa, 352; Fisher v. Seligman, 75 Mo. 9; Muir v. Glasgow Bank, L. R. 4, H. L. 358.

The liability to pay calls attaches to the holder of the legal title only.   Henkle v. Salem M. Co., 39 Ohio St. 552.

Any agreement between Waterman and any or all of his co-subscribers to the effect that his subscription for the $63,700 as trustee, should be only "formal," would be in violation of the charter and provisions of law under which the franchise to be a corporation was granted by the State, and therefore wholly void.   Baile v. C. C. Educational Society, 47 Md. 117; Corwith v. Culver, 69 Ill. 502; G. & S. R. R. Co. v. Enner, 116 Ill. 55; Melvin v. Lamar Insurance Co., 80 Ill. 446; P. & S. R. R. Co. v. Biggar, 34 Pa. St. 454; Bavington v. P. & S. R. R. Co., 34 Pa. St. 358.

If the subscription of J. S. Waterman, as trustee, for $63,700 "was only formal to enable the company to organize," as averred in the answer, and was not real, and no liability thereon attached as against Waterman, then and in that case that amount of stock was not subscribed within the meaning of the general incorporation law as construed by the Supreme Court in the above case, and, therefore, no liability attached to the other subscribers.   S. & B. R. R. Co. v. Gould, 2 Gray, 278; Atlantic Cotton Mills v. Abbott, 9 Cush. 424; R. M. D. & S. Steamboat Co. v. Sewall, Adm'r, 78 Me. 168; Temple v. Lemon, 112 Ill. 55.

Messrs. WILSON & MOORE, for the executors of J. S. Waterman, appellees.

GARNETT, P. J.   The decree in this case seems to be satisfactory to the creditors of the Dorsett Pipe and Paving Com-

Winston v. The Dorsett Pipe and Paving Co.

pany; no creditor is complaining thereof; but the appealing co-stockholders of Waterman deny the propriety of exempting his estate from *pro rata* assessment on his subscription as trustee for 637 shares of stock. The practical effect of the decree is to compel the other stockholders to assume the liability of Waterman's estate on the 637 shares. The ruling of the Circuit Court does not transgress the rule of public policy which prohibits arrangements between stockholders by which some or all of them may evade responsibility to the creditors of the corporation. There is no rule of law or public policy which hinders any agreement, operative between the stockholders only, for an apportionment of their several stock liabilities. The interests of the creditors are not in any way affected by such agreements, nor is the corporation itself thereby barred of recovering from each subscriber the full face of the stock for which he agreed to pay. This is simply and solely a question between stockholders. At the hearing of the case in the court below, evidence was given tending to show that when all the shares but 637 had been taken and the names of the subscribers written on the subscription list opposite the several amounts thus taken, a question arose as to the remaining 637 shares. There being no person who wanted those shares, a suggestion was made that Waterman should subscribe therefor as trustee for the other stockholders; he inquired about the liability, was answered that so far as the stockholders were concerned, there would be no liability on his part, and thereupon he wrote his name as it appears in the subscription list, with the word "trustee" following and the figures 637 opposite. All this happened when the appellants and all other stockholders were present, and we do not perceive why that agreement of the stockholders should not now be enforced. Counsel for appellants has vigorously combated certain of the facts stated above, but making all due allowance for the admissible evidence given for appellants, we find therein nothing inconsistent with the foregoing statement. Should there be a failure to collect on the stock, other than the 637 shares, sufficient money to pay the debts and costs, we must presume that proper measures would be adopted by the court

to provide for the same by assessment on those shares. No fault can be found with the order of the court reserving the right to make further assessments and new adjustments between the several stockholders. Whether any stockholder has or has not enough property to satisfy his portion of the debts and liabilities, has not been demonstrated. The ordinary method of testing that question is by the issue of execution and placing the same in the hands of the sheriff for collection. Why the court should not adopt the ordinary means for settling this question, is not apparent. We think the reservation fully authorized by Sec. 25, Chap. 32, R. S. The decree is affirmed.

*Decree affirmed.*